IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARY DEATHERAGE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 06-cv-0327-MJR |
| | ) |
| DAVID ROTH, | ) |
| VANTAGE HOMES, INC., | ) |
| and EMMERSON BUIE, | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM AND ORDER

REAGAN, District Judge:

Having been transferred by the Honorable David R. Herndon on June 2, 2006, this case now comes before the undersigned Judge for threshold jurisdictional review. An overview of the circuitous procedural history of the case aids this task.

Mary Deatherage sustained serious physical injuries in an October 2004 car accident in Fairview Heights, Illinois. She was a passenger in a vehicle being driven south on Old Collinsville Road by Gina Kane. Kane's car was struck by a vehicle driven by Emmerson Buie, who was eastbound on a road extending from Illinois Highway 159.

In December 2004, Deatherage sued three Defendants in the Circuit Court of St. Clair County, Illinois: (1) Buie, (2) David Roth, and (3) Vantage Homes, Inc. Deatherage alleged that Roth and Vantage negligently designed the road/intersection where the accident occurred. Deatherage complained that Buie failed to yield the right-of-way and failed to keep a proper look-out for vehicles on Old Collinsville Road.

In February 2005, Defendant Buie removed the suit to this District Court, under 28 U.S.C. § 2679(d). The Court refers to the lawsuit removed in February 2005 (Case No. 05-cv-0107-MJR) as "Deatherage I."

Deatherage I was removed on the ground that Buie, at the time of the collision, was acting within the scope of his employment for the United States Department of Justice, Federal Bureau of Investigation. With the removal notice, Buie submitted a certification in which the United States Attorney for the Southern District of Illinois verified that Buie was acting within the scope of his employment as an F.B.I. agent/employee at the time of the accident.

In June 2005, following the procedures outlined in the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.*, the undersigned Judge substituted the United States of America as the party defendant in place of Buie and dismissed Buie from the suit. But Deatherage's suit could not proceed against the USA. Under the Tort Claims Act, a party claiming injury based on the negligence of a federal government employee must first present an administrative claim to the appropriate agency, and that agency must be given a chance to resolve the claim, before the injured party may bring suit. 28 U.S.C. § 2675(a).

Since Deatherage had not exhausted her administrative remedies before filing suit, this Court lacked subject matter to proceed with the claim against the USA. So, the undersigned Judge dismissed (without prejudice) the claims against the USA for lack of subject matter jurisdiction and remanded the rest of the case to St. Clair County

Circuit Court.   Thus ended the course of Deatherage I here.  But not for long.

On April 26, 2006, the USA filed a notice attempting to remove a third-party complaint for contribution.  This new lawsuit (assigned Case No. 06-cv-0327 and randomly assigned to Judge Herndon) shall be referred to as "Deatherage II."

That moniker is not particularly apt, because the USA has not removed a complaint filed *by* Deatherage against the USA.  Rather, the USA endeavors to remove a third party complaint filed in the pending state court suit by David Roth (the third-party plaintiff) against the USA, the City of Fairview Heights, Illinois, and Gina Kane (the third-party defendants).[1]

On threshold jurisdictional review, the undersigned Judge must ascertain whether removal was proper and subject matter jurisdiction lies.  28 U.S.C. § 1441 permits a defendant in a state court lawsuit to remove the action to federal court under certain circumstances.  But the USA (who is *not* now a named defendant in the underlying state court suit but could soon be via substitution under 28 U.S.C. § 2679(d)) has not removed the underlying state court complaint.  The USA has removed only David Roth's third-party complaint for contribution.

This raises concerns as to what is the operative pleading on removal, who are the appropriate parties, and whether the main chunk of this case (Deatherage I)

---

[1] Additionally confusing is the fact the state court "Third Party Complaint" refers to the parties as counter-plaintiff and counter-defendants, rather than third-party plaintiff and third-party defendants.

continues in Illinois state court while the third-party complaint (Deatherage II) proceeds here.

To clarify the situation, the Court **DIRECTS** the USA to file an **amended notice of removal** in this case (06-cv-0327-MJR) **on or before** June 23, 2006.

If the USA intends to *only* remove the third-party complaint (Roth vs. USA, Fairview Heights, and Kane), then counsel should (a) cite authority permitting this removal, and (b) explain how the case is to go forward partly in state court and partly in federal court. If, on the other hand, the USA intended to remove the entire state court action, counsel should separately e-file the underlying state court complaint with the amended notice of removal (by June 23rd).

IT IS SO ORDERED.

DATED this 8th day of June, 2006.

s/ Michael J. Reagan
MICHAEL J. REAGAN
United States District Court